[Civ. No. 7088. Second Appellate District, Division Two.—June 9, 1932.]

INGABORG DARLING et al., Respondents, v. FELIX DEVERE, Appellant.

194

Redwine & Redwine for Appellant.

Benjamin Lewis and Fairfax Cosby for Respondents.

THOMPSON (IRA F.), J.—This is an appeal by the defendant from a judgment rendered in favor of the plaintiffs.

The testimony adduced by the respondents establishes the following situation. One Mahan owned a parcel of real property which he had listed for sale with a broker named Ross. Lawson, who will be mentioned, was sales manager for Ross. The respondents and appellant were associated together in the real estate business with the Aron Hover organization. One of the respondents heard that a publishing company had under consideration the purchase of the Mahan property. She immediately and on October 16, 1928, interviewed and secured from Mahan's broker, Ross, a refusal of the property until the following noon. That evening both of the respondents talked to the appellant and asked him to join with them for the purpose of purchasing the property—the title to be taken in his name—one of the respondents to advance the necessary money and the profits to be divided equally between them, i. e., into three parts. Appellant agreed and the next morning they called upon Ross—rather they talked to and concluded their agreement

with Lawson, his sales manager—and after some negotiation appellant executed an agreement by which he was to purchase the property for the sum of $27,000. Lawson appended and signed at the end of the agreement the following: "I hereby accept the above proposition and agree to comply with the same. I also agree to pay to Aron Hover Orgn. the sum of $1,000.00 commission when deal is closed. Howard B. Lawson, Agent." The purchase was completed, the sale to the publishing company was perfected and a profit realized. The judgment was for two-thirds of the profit after giving the appellant credit for one-third of the $1,000 which was paid to the Hover organization as commission.

The appellant asserts that several of the findings are not supported by the evidence and also that the agreement by which the parties were to divide profits was unlawful and against public policy because the respondents were guilty of fraudulent concealment of facts from their principal, Mahan. It would serve no useful purpose to set forth in detail the findings thus attacked, or to detail the support which they have in the evidence. Perhaps, however, it is advisable to discuss one proposition which constitutes the kernel of the problem. The court found that the appellant and respondents, through the Aron Hover organization, did not agree to act and did not act as brokers or agents for Mahan, the owner of the property. The only bit of evidence which might be construed as being opposed to the finding is that which is contained in the undertaking on the part of Lawson to pay the "Aron Hover Orgn." the sum of $1,000 as commission and the subsequent payment of the sum. On the other hand, Ross represented Mahan and Lawson as his sales manager represented Mahan. It is not unusual for one broker to give to another a substantial part of a commission earned. Furthermore, the conversation was to the effect that respondents were representing the buyer—the respondent. We cannot say—nor do we believe that the trial court erroneously found that appellant and respondents were not the agents of Mahan.

 This finding also concludes the argument that the agreement was unlawful and contrary to public policy. If the respondents were not together with appellant under any obligation to Mahan, they had the right, as would

anyone else, to purchase the property. The entire argument of appellant is built upon the assumption that they were such agents.

Judgment affirmed.

Works, P. J., and Fricke, J., *pro tem.*, concurred.